IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HENRY BARKSDALE, #201858    *

  v.           *    Civil Action No. DKC-12-3087

LT. ROBERT A. CARDER    *
WARDEN PHIL MORGAN,
CAPTAIN MILES       *
            ***

## MEMORANDUM OPINION

The above-captioned Complaint[1] was filed on October 18, 2012, and concerns Plaintiff's allegations that he was falsely accused of threatening a member of the staff at Jessup Correctional Institution ("JCI"), resulting in his transfer to Western Correctional Institution ("WCI").  ECF No. 1.  Plaintiff complains that he was subject to an "atypical hardship" when denied his right to challenge the false allegations leveled against him prior to his transfer.  In seeking the award of industrial good conduct credits ("GCC"), back pay, and job reinstatement in the Maryland Correctional Enterprises ("MCE") furniture plant, Plaintiff accuses Lt. Carder and Warden Morgan of non-compliance with pertinent correctional directives when investigating and reviewing his administrative remedy procedure ("ARP") grievance.  Further, Captain Miles is inculpated for non-compliance with directives by failing to charge Plaintiff with rule infractions and scheduling a hearing within the designated time set out by directive.

The aforementioned allegations were previously raised against Defendants by Plaintiff in *Barksdale v. Miles, et al.*, Civil Action No. DKC-12-398 (D. Md.).  While the case proceeded in part for an answer as to Plaintiff's claim regarding the effects of false information on his parole determinations, the other allegations, reasserted here, were summarily dismissed.  *See Barksdale v. Miles, et al.*, Civil Action No. DKC-12-398 at ECF Nos. 4 & 5.

---

[1]  The Complaint was accompanied by a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which will be granted.

Plaintiff again seeks redress for the period of time he was assigned to WCI on segregation and his missed the opportunity to earn additional diminution of confinement credits and to earn money from an institutional job. The court held then, as it does now, that such claims were barred by *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Further, to the extent that Plaintiff again claims that the named Defendants violated ARP and adjustment directives related to the internal operating procedures in the prison, the claim cannot survive as a matter of law: even if the court assumes that the prison officials did not comply with their directives, "a violation of prison regulations in itself does not give rise to a constitutional violation." *Bonner v. Fed. Bureau of Prisons,* 196 F. App'x 447, 448 (8th Cir. 2006); *Richardson v. Thornton,* 299 Fed.Appx. 461, 462-63 (5th Cir. 2008); *see also Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Therefore, to the extent that Plaintiff is arguing that Defendants did not follow the dictates set forth in the prison's directives, his claim fails. A similar finding was reached in the court's prior decision in *Barksdale v. Miles, et al*., Civil Action No. DKC-12-398. Additionally, the court held that Plaintiff's loss of income and opportunities to earn diminution of confinement credits are not factors creating a significant hardship. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976), *see also Greenholtz v. Inmates Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979). Finally, the court found then, as it does now, that Plaintiff's claim that he was subjected to punishment without due process of law failed to present a colorable claim as he had failed to allege that his GCC had been revoked. Again, these issues were subject to dismissal at the onset of *Barksdale v. Miles, et al*., Civil Action No. DKC-12-398.

Plaintiff has again failed to set out colorable claims against Defendants Carder, Morgan, and Miles. Further, he is barred from re-filing his claim under the doctrine of *res judicata*. This principle encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel. *See In re Varat Enters., Inc.,* 81 F.3d 1310, 1315 (4th Cir. 1996) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine of *res judicata* contemplates, at a minimum,

that courts not be required to adjudicate nor defendants to address successive actions arising out of the same transaction and asserting breach of the same duty. *See Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 563 (5th Cir. 1983). For a prior judgment to bar an action on the basis of *res judicata,* the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and the claim in the second action must be based upon the same cause of action involved in the earlier proceeding. *See Grausz v. Englander*, 321 F.3d, 467, 472 (4th Cir. 2003).

Henry Barksdale was the Plaintiff in a prior federal action filed against Defendants and raised similar allegations arising out of the same events.[2] This court took jurisdiction over that case and dismissed the allegations raised anew here. The *res judicata* implications of these facts are clear as to his claims against Defendants and the court shall not revisit the allegations in light of the estoppel effect of the prior rulings. For these reasons, the Complaint shall be dismissed by separate Order.

Date:   November 28, 2012                           _____/s/_____
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge

---

[2] Federal courts and Maryland state courts have adopted the "transaction test" to determine the identity of the causes of action. *See Adkins v. Allstate Ins. Co.,* 729 F.2d 974, 976 (4th Cir. 1984); *DeLeon v. Slear*, 328 Md. 569, 589-90 (Md. 1992). Under this test, claims are considered a part of the same cause of action when they arise out of the same transaction or series of transactions. In making this determination, courts consider such pragmatic factors as "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *See* Restatement (Second) of Judgments § 24(2) (1982). Claims may also arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief. *Id.*